IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED AIR LINES, INC., UAL INC., and )<br>THE ASSOCIATION OF FLIGHT )<br>ATTENDANTS, )<br>)<br>Defendants. ) | Civil Action No.: 09 C 3210<br><br>Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

Elizabeth Anderson sues United Air Lines, Inc. and UAL Corporation (collectively "United"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*[1] Anderson, a former flight attendant, claims United discriminated against her on account of her depression. United moves for summary judgment. For the reasons set forth below, the motion is granted.

### **BACKGROUND**

**I.      Local Rule 56.1**

Local Rule 56.1 establishes a specific procedure for filing and responding to summary judgment motions. The movant must submit, among other things, a statement of material facts, consisting of short, numbered paragraphs and specific references to the affidavits, parts of the record, and other materials relief upon. L.R. 56.1(a)(3). The opposing party must submit a

---

[1] Anderson incorrectly identified defendant UAL Corporation as "UAL Inc." in her amended complaint.

concise response to each paragraph in the movant's statement of facts, including, in the case of disagreement, citations to affidavits, parts of the record, and other supporting materials. L.R. 56.1(b)(3). The opposing party may also submit a statement of additional facts in short, numbered paragraphs. L.R. 56.1(b)(3)(C). This procedure helps identify undisputed facts, and demonstrates precisely how each side proposes to prove a disputed fact with admissible evidence. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner dictated by Local Rule 56.1 results in those facts being deemed admitted for purposes of summary judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

Anderson has completely disregarded Local Rule 56.1's requirements. She did not respond to United's statement of facts; she simply provided a rambling narrative filled with argument and additional facts. Accordingly, United's factual statements are deemed admitted. *Cracco*, 559 F.3d at 632. Because Anderson failed to file a statement of additional facts as prescribed by Local Rule 56.1, the court will not consider any proposed "facts" contained in Anderson's narrative response. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

## II. Facts

Anderson worked as a United flight attendant from 1999 to 2008. Def. Facts ¶ 1. The terms and conditions of her employment were governed by a collective bargaining agreement ("CBA") between United and Anderson's union, the Association of Flight Attendants. *Id.* ¶ 2. The CBA, along with a supplemental code of conduct, prescribed rules for attendance, medical leave, discipline, termination, and grievance procedures. *Id.* ¶¶ 3-8; Def. Ex. 3. If a flight

2

attendant violates the code of conduct, United issues a letter of charge and a hearing officer determines whether disciplinary action is warranted. Def. Facts ¶ 9.

On October 31, 2007, Anderson called in sick; her absence continued until United terminated her employment on January 31, 2008. Def. Facts ¶ 21. Two weeks after first calling in sick, Anderson submitted a request for intermittent medical leave to cover her absence.[2] *Id.* ¶ 22. To apply for medical leave, a flight attendant must obtain a physician's certification and submit the required forms to United for approval. *Id.* ¶ 19. If the certification is insufficient, United may require more information from the treating physician. *Id.* ¶ 20. Anderson's certification form, dated November 12, 2007, stated she would require "unforeseeable intermittent leave" between October 17, 2007 and January 17, 2008 for depression. *Id.* ¶¶ 23-24; Def. Ex. 3 (Pl. Dep. Ex. 8). United informed Anderson that it was unable to process her request until she submitted a complete physician certification, including a description of the treatment regimen and an estimate of how often she would require leave and how long each episode would last. Def. Facts ¶¶ 25-26; Def. Ex. 3 (Pl. Dep. Ex. 9). Anderson failed to provide the requested information. Def. Facts ¶ 27.

On December 14, 2007, United notified Anderson by letter that she had been absent from work since October 31 without approval. Def. Facts ¶ 29. United instructed Anderson to either visit a company physician, bringing medical documentation to support her absence, or have her treating physician complete an attached certificate. *Id.* ¶ 31. If Anderson failed to comply by December 24, United would deem her absence to be unauthorized, subjecting her to discipline up

---

[2] "Intermittent" medical leave is taken in separate blocks of time due to a single illness or injury. *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764-65 (7th Cir. 2008).

3

to and including termination. *Id.* ¶ 32. She did not comply. *Id.* ¶ 33. United issued a letter of charge directing Anderson to appear for a hearing on January 15, 2008 regarding her extended absence and failure to comply with the December 14 letter. *Id.* ¶ 34. The morning of the hearing, Anderson informed United she would not attend the hearing. *Id.* ¶¶ 35-36. United then issued an amended letter of charge informing Anderson that her hearing would go forward on January 28, 2008, and that a failure to appear would be considered a voluntary resignation. *Id.* ¶¶ 38-39. Anderson again failed to appear. *Id.* ¶ 41. Several days later, United terminated her employment, citing her unexcused absence from work, her failure to comply with the December 14 letter, and her failure to attend the January 28 hearing. *Id.* ¶ 42.

In February 2007, Anderson's union filed a grievance on her behalf challenging her termination. Def. Facts ¶ 43. After reviewing the matter, the union declined to schedule Anderson's grievance for arbitration, leaving her the option of pursuing arbitration on her own or with the assistance of private counsel. *Id.* ¶¶ 47, 51; Def. Ex. 6: Hickey Decl. ¶¶ 9-10. The grievance remains open. Def. Facts ¶ 52; Def. Ex. 6: Hickey Decl. ¶ 10. In May 2009, Anderson filed this case, alleging that United's denial of intermittent medical leave and termination of employment were motivated by discriminatory animus in violation of the ADA.[3]

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the

---

[3] Anderson also brought an ADA claim against her union for its alleged failure to adequately represent her. The court dismissed that claim without prejudice under Fed. R. Civ. P. 12(b)(6). Minute Order, Dkt. No. 32 (Oct. 20, 2009).

4

initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). If the burden is met, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

As a threshold matter, United contends that Anderson's claim should be dismissed on the ground that it is precluded by the mandatory arbitration provisions of the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.*[4] If the RLA precludes Anderson's claim, the court must dismiss the case for lack of subject matter jurisdiction. *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001). Even if the claim is not precluded, United argues it is entitled to summary judgment because Anderson has failed to establish a prima facie case of disability discrimination.

### I. Claim Preclusion

The RLA promotes stability in labor-management relations by providing a comprehensive framework for the resolution of labor disputes. *Brown*, 254 F.3d at 658. To accomplish this

---

[4] United mistakenly characterizes the issue as one of preemption. Anderson's claim is based on a federal statute, not state law; the issue is whether the RLA *precludes* the claim, not whether it *preempts* it. *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 661-62 (7th Cir. 2001).

5

goal, the RLA provides a mandatory arbitration mechanism for resolving "minor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252-53 (1994). Minor disputes are those stemming from grievances or the interpretation or application of a labor agreement. *Id.* The distinguishing feature of a minor dispute is that it may be conclusively resolved by interpreting the existing labor agreement. *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 583 (7th Cir. 1999). Such disputes must be resolved *only* through the RLA's mechanisms, including the employer's internal dispute-resolution process and an adjustment board established by the employer and the unions. *Hawaiian Airlines*, 512 U.S. at 253; *Brown*, 254 F.3d at 658.

To determine whether Anderson's discrimination claim is precluded by the RLA, the court must consider whether it would be required to interpret the CBA as a potentially dispositive matter. *Brown*, 254 F.3d at 664. If the claim may be dispositively resolved through an interpretation of the CBA, it must be dismissed in favor of the RLA's mandatory and exclusive arbitration procedures. *Id.* at 668. Claims brought under an independent federal statute, such as the ADA, are precluded only if a CBA provision is the subject of the dispute or the claim is substantially dependent upon an analysis of the CBA's terms. *Id.* Neither circumstance is present here. Although the court may be required to refer to the CBA to address the conduct underlying the complaint, there is no disagreement about how to interpret the provisions detailing United's procedures for assessing leave, discipline, and termination.[5] *See Brown*, 254 F.3d at 668 (no preclusion if parties do not dispute the interpretation of a relevant provision). United

---

[5] The amended complaint does not rest on an interpretation of a CBA provision. To the extent United offers particular interpretations in its summary judgment motion, Anderson fails to dispute United's interpretations in her response. *See Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (if CBA terms are not in dispute, the fact that the CBA will be consulted does not require the claim to be extinguished).

6

cannot ensure preclusion of Anderson's claim "merely by asserting certain CBA-based defenses to what is essentially a non-CBA-based claim . . . or by arguing that the action challenged by [Anderson] is 'arguably justified' by the terms of a CBA." *Id.*

Anderson sues to enforce her federal statutory rights under the ADA, not her contractual rights under a labor agreement. She claims United's conduct was motivated by discriminatory animus; the allegations do not involve a dispute over the meaning of any CBA provision. Anderson simply alleges that the real reason her employment was terminated and her request for medical leave denied was discrimination on account of her depression. Purely factual questions about an employer's conduct and motives do not require interpretation of a labor agreement. *Hawaiian Airlines*, 512 U.S. at 261-62 (citation omitted). Because Anderson's claim of disability discrimination cannot be dispositively resolved through an interpretation of the CBA, her ADA claim is not precluded by the RLA and the court has subject matter jurisdiction. *Brown*, 254 F.3d at 664 (no preclusion if CBA provisions are relevant *but not dispositive*, or if the claim tangentially touches the CBA).

## II. Anderson's ADA Claim

The ADA prohibits employment discrimination against a qualified individual with a disability. 42 U.S.C. § 12112(a). A plaintiff, like Anderson, who lacks direct evidence of discrimination may proceed under the indirect method by first establishing a prima facie case. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009). To do so, Anderson must show that: (1) she is disabled under the ADA; (2) she has met United's legitimate employment expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees without a disability were treated more favorably. *Id.* If Anderson establishes a prima facie case, the burden shifts to United to articulate a legitimate, non-discriminatory reason for the

7

employment action. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). Anderson must then offer some evidence showing that United's proferred reason is merely a pretext for unlawful discrimination. *Id.*

Anderson's claim fails at the outset because she has not presented any evidence that she is disabled within the meaning of the ADA. An individual may prove she is disabled by establishing that: (1) she has a physical or mental impairment that substantially limits one or more major life activities; (2) she has a record of the impairment; or (3) her employer regards her as having the impairment. 42 U.S.C. § 12102(1). "Substantially limits" means that Anderson is either unable to perform or significantly restricted from performing a major life activity that the average person in the general population can perform. 29 C.F.R. § 1630.2(j)(1). The nature of the limitation is not considered with reference to a specific job, but in light of what most people do in their daily lives. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 801 (7th Cir. 2005). The court must also consider Anderson's condition as it exists after corrective or mitigating measures are used to combat the impairment. *Branham v. Snow*, 392 F.3d 896, 903 (7th Cir. 2004). To survive summary judgment, Anderson must provide specific facts establishing that there is a material dispute as to whether her depression substantially limits a major life activity.[6] *Scheerer v. Potter*, 443 F.3d 916, 919 (7th Cir. 2006).

The undisputed facts clearly show that Anderson's depression is not a disability under the ADA. When taking her medication (Prozac), she is not hindered in her ability to perform physical activities, clean her house, travel, use a computer, or interact with others. Def. Facts ¶¶

---

[6] United also argues there is no evidence that Anderson's alcoholism constitutes a disability under the ADA. The only disability alleged in the amended complaint is depression. The court will not address medical conditions that do not serve as the basis of Anderson's claim.

8

56-58; Def. Ex. 2 (Pl. Dep. Tr: 122-24). If medication corrects an impairment, then the individual does not have an impairment that substantially limits a major life activity. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 482-83 (1999). Anderson testified that she can do anything when on medication. Def. Ex. 2 (Pl. Dep. Tr: 127). She has substantially assisted in the prosecution of this case – conducting research, organizing documents, and preparing discovery disclosures. *Id.* (Pl. Dep. Tr: 137-42). Moreover, she is not limited in her ability to work. She continues to search for employment and has not identified a *single* area foreclosed because of her depression. *Id.* (Pl. Dep. Tr: 244-49, 281-82). Her deposition testimony leaves no doubt she is able to perform the tasks central to most people's lives; this is fatal to her claim she is disabled within the meaning of the ADA. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007).

Anderson also failed to show that she has a record of a disability. To succeed under this theory, she must show her depression substantially limits one or more major life activities. *Rooney v. Koch Air, LLC*, 410 F.3d 376, 381 (7th Cir. 2005). As explained above, there is no evidence to this effect. Finally, she offered no evidence to show that United regarded her as disabled for ADA purposes. *Id.* at 382 (person "regarded as disabled" when employer, rightly or wrongly, believes she has an impairment that substantially limits a major life activity).

Even if Anderson established a prima facie case, United proffered legitimate, non-discriminatory reasons for its actions – the lengthy, unexcused absence, the failure to comply with United's medical certification directive, and the failure to appear at a disciplinary hearing. To survive summary judgment, she must do more than simply claim that a jury could disbelieve United's reasons; she must advance evidence suggesting that United itself did not believe the proffered reasons. *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 754-55 (7th Cir. 2006);

9

*Traylor v. Brown*, 295 F.3d 783, 791 (7th Cir. 2002). Anderson does not offer any evidence undermining the legitimacy of United's proffered reasons. Her claim cannot survive summary judgment. *Traylor*, 295 F.3d at 791.

## CONCLUSION

For the foregoing reasons, defendants are entitled to judgment as a matter of law.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

February 22, 2010